## BARFIELD vs. BARFIELD.

CERTIORARI, FROM MACON. Levy and Sale. Illegality. Damages. (Before Judge Fort )

Blandford, J.—Section 3641 of the Code gives the levying officer a discretion as to the value of property levied on. It is to be sufficient to satisfy the execution. But if the officer violates his duty either by making an excessive levy or by refusing to levy on the property pointed out by the defendant, he is liable for such special damages as the defendant may incur thereby ; but this will be no valid objection to the process.

Judgment affirmed.

J. M. DuPree ; E. G. Simmons, for plaintiff in error.

John W. Haygood ; Guerry & Son, for defendant.

---

## EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD vs. WATTERS.

APPEAL, FROM FLOYD, Railroads. Damages. Negligence. Nonsuit. New Trial. (Before Judge Branham.)

Blandford, J.—In a suit against a railroad company for killing a horse, where it appeared that the animal went upon the track of the company, ran up the road and upon a trestle and fell through and was killed, and that there was no negligence on the part of the company or its officers, agents or servants, a nonsuit would have been proper ; and after a verdict against the company, a new trial should have been granted.

Judgment reversed.

Underwood & Rowell, for plaintiff in error.

Forsyth & Hoskinson ; Reece & Denny, by brief, for defendant.

---

## STROHECKER vs. IRWIN et al.

CLAIM, FROM BIBB. Attorney and Client. Homestead. (Before Judge Simmons.)

Blandford, J.—The lien of an attorney for services in successfully resisting a levy on a homestead, and obtaining it to be set apart as an exemption, is in the nature of labor done on the homestead and of purchase money thereof, and the homestead property is subject thereto.

Judgment reversed.

Gustin & Hall, for plaintiff in error,

No appearance for defendant.